[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
In this case a Little Compton policeman saw a marijuana plant growing just inside a sliding glass door in the defendants' home. At the time he was in a neighboring open field looking through a pair of binoculars from 75 to 100 feet away. He had permission from the neighbor to be on the lot and he needed the binoculars to identify the plant. Using these observations he applied for and was granted a search warrant for the defendants' house. Execution of the warrant disclosed 27 marijuana plants growing in a room in the house, together with other apparatus and paraphernalia, all of which were seized by the police. The defendant Alfred Lewis made some damaging admissions after the search and seizure.
Both defendants move to suppress the evidence seized pursuant to the search warrant and the admissions as the fruit of an illegal search in violation of the Fourth Amendment to the U.S. Constitution and Article I, Section 6 of the Constitution of the State of Rhode Island.
The defendants were not reasonably entitled to an expectation of privacy in the areas of their home immediately inside glass doors which were open to view from adjacent open fields. Katz v.United States, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The fact that the defendants may have taken some measures to conceal their activity from public view does not preclude the officer's right to make lawful observations from a place he has a right to be and from which the activities are clearly visible.California v. Ciraolo, 476 U.S. 207, 213, 106 S.Ct. 1809, 1812, 90 L.Ed.2d 210 (1986). It is true that in Ciraolo the U.S. Supreme Court approved observations made by naked eye from a private airplane flying 1000 feet over the defendant's yard. Later, in Florida v. Riley, 488 U.S. 445, 102 L.Ed.2d 835, 109 S.Ct. 693, reh. den. 104 L.Ed.2d 172, 109 S.Ct. 1659 (1989) the rule in Ciraolo was applied to naked-eye observations made from a helicopter flying over the defendant's greenhouse at a lawful altitude of 400 feet. This Court is aware, however, of footnote 3 to the majority opinion in Ciraolo referring to that Court's decision in Dow Chemical Co. v. United States, 476 U.S. 227, 106 S.Ct. 1819, 90 L.Ed.2d 226 (1986), decided that same day, holding that the use of an aerial mapping camera to photograph an industrial manufacturing complex from navigable airspace similarly did not require a warrant under the Fourth Amendment.
This Court accepts the reasoning of the Court in State v.Vogel, 428 N.W.2d 272 (S.D. 1988) and State v. Carter, 101 Or. App. 281, 790 P.2d 1152 (1990), that binoculars are not the kind of sophisticated visual aids or technological enhancement such as to make the officer's observations the product of an unexpected and unreasonable intrusion into a realm protected by the respective constitutional provisions.
Binoculars are a well-known and well-understood means of enhancing visual acuity. They were not used in this case to permit the observer to see anything he could not otherwise have detected. They simply permitted the viewer to see better what was in plain view. See also, Kitzmiller v. State,76 Md. App. 686, 548 A.2d 140 (1988).
This Court is aware of Commonwealth v. Lemanski,529 A.2d 1085 (Pa. Super. 1987), in which the fruits of binocular-assisted observations were suppressed. In that case the police officer used binoculars with a zoom lens used particularly in law enforcement. Id., at 1091. In addition, it appears that the officers in that case went onto the defendants' property and peered into his greenhouse from within his "curtilage". This Court does not believe that Fourth Amendment issues should depend on whether a policeman's binoculars are "ordinary" or are equipped with a "zoom lens."
This Court subscribes to the analysis propounded by Professor LaFave in Search and Seizure, § 2.2(c), at pages 340, et seq.:
 "Fully consistent with Katz, therefore are those holdings that it is not a search to make a binocular observation of . . . the characteristics of a marijuana plant which was on a sundeck and visible from a neighbor's yard. (Citing People v. Vermouth, 42 Cal.App.3d 353, 116 Cal. Rpter. 675 (1974)) . . .
 Much more difficult to deal with, because they are not all of a kind, are those cases in which law enforcement agents have used binoculars or similar equipment to look inside of premises. There are instances, of course, in which the fact that the observation was into premises is of relatively little significance because it is readily apparent that there could have been no reasonable expectation of privacy with respect to the object or conduct seen. If, for example, a person places a marijuana plant directly on his window sill so that it is observable from the street, his expectation of privacy concerning the plant is not significantly different from that in the case described above where the plant was on the sundeck, and thus is it no search to scrutinize that plant with binoculars." (Emphasis supplied.)
Accordingly, this Court finds that the observations by the officer through his binoculars of the marijuana plant, just inside the defendant's glass doors was not a "search", because the officer did not violate any reasonable expectation of privacy of the defendants.
The motions are denied.